FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

2012 MAY 21 AM 11:07

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

| | | |
|---|---|---|
| IN THE MATTER OF | ) | Docket No. 2:12-cv-00082 |
| | ) | |
| CELESTIAL, INC., | ) | MEMORANDUM OF LAW IN |
| | ) | SUPPORT OF DEFENDANT JOHN |
| | ) | DOE #18 (24.6.26.5) MOTION TO |
| Plaintiff, | ) | DISMISS THE MATTER, QUASH |
| | ) | AND FOR A PROTECTIVE ORDER |
| v. | ) | |
| | ) | |
| JOHN DOES 1-252 | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |

I, John Doe #18 (24.6.26.5) (hereinafter, "Doe" or "Defendant"), am representing myself *pro se* in this matter before the Court. I understand that *pro se* litigants are required to follow the same rules and procedures as litigants that are represented by attorneys as seen in *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). I also understand that anonymous representation is not favored in this Court, but I must remain anonymous to protect my reputation and identity. I have reviewed the Honorable Douglas N. Frazier practice standards and I have incorporated such standards into this motion to the best of my ability. A copy of this motion will be provided to the Court, my internet Service Provider, and the Plaintiffs counsel.

The case against JOHN DOES 1-252 is a strategic campaign by Plaintiff to coerce innocent people to settle out of court for exorbitant amounts to avoid embarrassment due to the association with Plaintiff's products. This tactic imposes an unfair cost and burden on numerous innocent defendants, a fact plaintiff uses to its advantage, to obtain unscrupulous settlements.

The Plaintiff in this case has instituted a lucrative procedure at the taxpayers' expense where it initiates legal proceedings based on questionable allegations, against anonymous defendants, in hopes of extracting quick settlements. Similar plaintiffs have filed thousands of similar "John Doe suits" across the county. *See, e.g., Patrick Collins Inc., K-Beech Inc, Raw Films Ltd., Diabolic Video Productions Inc., et al, v. Does 1-1,544* in the 11th Judicial Circuit for Miami-Dade County, Florida, Case No. 11-24714 CA 22. Further, the Honorable Judge Beeler of the U.S. District Court for the Northern District of California stated in a case similar to the one at issue, that the "plaintiffs in these cases appear content to force settlements without incurring any of the burdens involved in providing their cases" and that the Plaintiffs "have been abusing the court system in order to facilitate their scheme." *See,* Order to Dismiss. Comp., *Patrick Collins, Inc., v. Does 1-1,129.* Case 4:10-CV-04468-LB (D. Cal. Aug. 29, 2011).

Defendant files this Motion and requests that this Court follow courts through the nation by halting frivolous lawsuits such as the instant case. The Defendant asks this Court to (1) dismiss the action against the Defendant because a *prima facie* case in regards to liability has not been met, joinder of the defendants was improper, and the failure to prove which particular individual accessed the movie in question; and (2) quash the subpoena seeking the personal information of the Defendant, or in the alternative, grant a protective order preventing the disclosure of any information obtained through a subpoena.

## PROCEDURAL HISTORY

Plaintiff filed the instant action alleging 252 unnamed defendants shared a film via the internet utilizing a file sharing protocol known as "BitTorrent." On March 5, 2012, an order was entered by this Court on Plaintiff CELESTIAL, INC. unopposed motion, which allowed Plaintiff to serve subpoenas on the Internet Service Providers ("ISP") of the 252 defendants. Defendant was

notified of this matter through Comcast, the Defendant's ISP. The Defendant was informed by Comcast that its personal information had been subpoenaed by Plaintiff. Defendant now files this Motion and Memorandum of Law.

## ARGUMENT AND CITATION OF AUTHORITY

### I. PLAINTIFF FAILS TO MAKE PRIMA FACIE SHOWING OF COPYRIGHT INFRINGMENT

In order to copyright an idea, work, etc., it must be registered with the United States Copyright Office. The Complaint references the United States Copyright Registration Number for the motion picture "Blumpkin Blowjobs" ("the Work") as PA0001748368. *See,* Complaint at 4. The Work was registered on September 2, 2011. *See,* Exhibit A. The Defendant's alleged infringement occurred on June 25, 2011, sixty-nine days prior to the copyright registration. *See,* Complaint at Exhibit A.

According to 17 U.S.C. § 412, "except for an action brought for a violation of the rights of the author under § 106A(a), an action for infringement of the copyright of a work that has been preregistered under § 408(f) before the commencement of the infringement and that has an effective date of registration not later than the earlier 3 months after the first publication of the work or 1 month after the copyright owner has learned of the infringement, or an action instituted under § 411(c), no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for (2) any infringement of copyright commenced after first publication of the work and before effective date of its registration, unless such registration is made within three months after the first publication." The Defendant in the instant case allegedly accessed the Work seventy days prior to copyright registration as provided by the Plaintiff and thus no award of statutory damages or attorney's fees can be levied against the Defendant.

## II. PLAINTIFF HAS IMPROPRPERLY JOINED 252 INDIVIDUALS FOR DISTINCTLY SPEARATE TRANSACTIONS AND OCCURRENCES

Plaintiff cannot bind together the 252 individuals who make up the John Does in this case. While the joining of parties for claims involving the same transaction and occurrence in the interest of judicial economy is favored, only the Plaintiff's economic interest is facilitated by joining 252 defendants in this case. For a proper joinder, FRCP 20 requires that there must be a right to relief arising out of the same transaction or occurrence or series of transaction or occurrences, and there must be a question of law or fact common to all of the defendants.

In the present case, the Plaintiff has the burden of pleading that joinder is proper. The Complaint does not assert anything beyond mere legal conclusions, and it does not assert plausible grounds for relief against the defendants. The Complaint alleges no facts that conclude the defendants acted in concert or took any action that would constitute the same transaction or occurrence. The only similarity the defendants share is that they all allegedly infringed on the same movie, albeit in different ways and on different days. The Supreme Court of the United States has stated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007) that the Plaintiff must make *a prima facie* showing that joinder is proper before proceeding.

The claims against the Defendant qualify as a unique case. JOHN DOES 1-252 all have completely different network configurations both at the ISP and own person home network level. Each individual DOE deserves a right to an individual investigation with individual accusations and defense. Joinder requires that each case share sufficient overlap to be grouped together. In this case, each DOE relies on entirely separate network configurations, computer and network hardware; as a result this case does not qualify. It is an unforgivable stretch of the imagination to claim that two individuals who allegedly partook in a substantially similar activity in the course

of several months are properly joined defendants. The defendants do not know each other, they reside in different locations and have been accused of downloading the Work on different days.

The actual reason the plaintiff has joined 252 defendants in a single suit is not due to the alleged concerted tortious conduct, but instead to circumvent the individual $350.00 filing fee. If this case was filed properly against the 252 defendants, the required fee would be $88,200. By pursuing this approach, the plaintiff can feasibly attack a large number of defendants.

### III. PLAINTIFFS FAIL TO SUFFICIENTLY IDENTIFY DEFENDANTS BY IP ADDRESS

Plaintiff asserts that Defendant, identified only by IP address, was the individual who accessed the Work. The assumption that the person who pays for internet access at a given location is the same individual that allegedly downloaded a specific movie has grown tenuous over time. An IP address provides only the location at which one of any number of computer devices may be deployed; much like a telephone number can be used for any number of telephones. Thus, it is no more likely that the subscriber of an IP address carried out a particular computer function, such as downloading a movie, than to say an individual who pays the telephone bill made a specific telephone call. Today, a vast majority of households, including that of the Defendant, use a wireless router as part of their internet service. In regards to wireless routers, a single IP address supports multiple devices, which can be operated simultaneously by different individuals. *See U.S. v. Latham*, 2007 WL 4563459 at 4 (D. Nev. Dec. 18, 2007).

In the case of someone using an unsecured wireless router, an outside party can access their internet connection. This outside party can surf the internet, send email, upload files, or download content. This unknown outside party would have the same IP Address as anyone on the router itself. Therefore, there is no way to know, reliably and accurately, who the offending

party was. Due to these circumstances, there is no telling who could have performed the alleged download, whether it be a family member, a visitor, or a complete stranger. Further, unless the wireless router has been secured through an appropriate channel, and even then it may not be completely secure, neighbors or any random stranger can access the internet using the IP address assigned to the Defendant. The court in *Latham* stated that, "the only way to prevent sharing of the wireless router is to encrypt the signal and even then an individual can bypass this security using publicly available software. *Id.* at 4. As a result, the Plaintiff has a very difficult job of identifying a defendant with any certainty. The Plaintiff should not be allowed to impose monstrous expense and burden on 252 people to disprove their case, when the foundation of their allegations is unreliable. Clearly, the burden of proof in this case rests on the Plaintiff.

Due to the current state of wireless internet access, serious doubt is cast on Plaintiff's assertions that the ISP to which each Defendant subscribes can correlate the Defendant's IP address to the Defendant's true identity. The Court in *Digital Sin, Inc. v. Does 1-176* 2012 WL 263491 (S.D.N.Y. Jan. 30, 2012), stated it was "'concerned with the possibility that many of the names and addresses produced in response to the plaintiff's discovery request will not in fact be those of the individuals who downloaded the movie in question." The court further noted that "the risk of false positives gives rise to the potential for coercing unjust settlements from innocent defendants such as individuals who want to avoid the embarrassment of having their names publicly associated with allegations of illegally downloading obscene movies." *Id.* at 3.

The court in *SBO Pictures, Inc. v. Does 1-3036, 2011* WL 6002620 (N.D.Cal. Nov. 30, 2011) stated "'the ISP subscriber to whom a certain IP address was assigned may not be the same person who used the internet connection for illicit purposes." The court further noted that because the plaintiff defined the John Doe defendants as "ISP subscribers who were assigned

certain IP addresses, instead of the actual internet users who allegedly engaged in infringing activity, the plaintiff's sought-after discovery has the potential to draw numerous innocent internet users into the litigation ... " *Id.* al 3.

Although the Complaint states that IP addresses are assigned to devices and thus by discovering the individual associated with the IP address the true identity of the defendants will be revealed, this is unlikely the case. Most, if not all, the IP addresses will reflect a wireless router or some type of networking device. Thus, while the ISP's will provide the name of its subscriber, the alleged infringer might not be the subscriber at all, but a member of their family, a guest, a stranger, a neighbor, or an internet thief.

### IV. THE SUBPOENA MUST BE QUASHED, OR AT A MINIMUM, A PROTECTIVE ORDER SHOULD BE ISSUED

Based on the above, Defendant requests that the subpoena issued to its ISP, Comcast, be quashed by dismissing Defendant from this suit due to Plaintiffs misjoinder and failure to make a *prima facie* showing of copyright infringement and ability to prove the Defendant accessed the Work via the reported IP address. Such a request would be consistent with the trend of courts throughout the nation, all of which have quashed subpoenas issued by similar litigants due to similar issues. *See Digiprotect USA Corp. v. Does 1-266,* No. 1 0 Civ. 8759 (S.D.N. Y. 2011); *Raw Films, Ltd., v. John Does 1-32,* No. 3:11CV532 (E.D. Va. Oct. 5, 2011); and *Diabolic Video Productions, Inc. v. Does 1-2099,* No. 10-CV-5865-PSG (N.D. Cal. 2010).

FRCP Rule 26(c) allows upon moving the court and for good cause shown, the court may take any order to protect a party or person from issuing an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden. The Court is given broad discretion to prohibit or limit discovery and is reviewed on an abuse of discretion standard. *See, McCarrhy v.*

*Barnett Bank of Polk County*, 876 F.2d 89,91 (11th Cir. 1989). If Defendant is named relating to sharing pornographic films, embarrassment and damage to Defendant's reputation is assured. No matter what transpires in the future, Plaintiff knows the potential embarrassment is enough to coerce a settlement and hence these cases are pursued. At the minimum, Defendant requests any identifying information remain sealed and confidential, or that the Court issue some form of protective order to prevent embarrassment, oppression, and annoyance as justice may so require.

## CONCLUSION

Plaintiff's action is an abuse of the judicial system and nothing more than an attempt to take advantage of the 252 defendants in this action. The Plaintiff has attempted to circumvent traditional civil procedure by joining defendants that share to common facts, while Plaintiff simultaneously has avoided the costly filing fees. I have not to this day received a formal complaint regarding this case as I was forced to receive a copy of the complaint via an online legal research database to understand why I received this notice in the mail in the first place. After I reviewed the complaint, I utilized Google and began researching about Mr. Weaver and his organization, Dunlap, Grubb & Weaver. I have seen numerous postings about complaints of his behavior and use of intimidation to force a settlement out of honest Americans.

My hope is that this Court will see through Mr. Weaver's practices as being nothing more than a strategy of coercion, harassment and use of embarrassment associated with the porn industry. If this action is allowed to proceed forward, many thousands of the countless millions of internet users, or other "defendants" will be dragged into lawsuits such as these, simply to use the same "'embarrassment" tactics to extract money from legally unknowledgeable people, "guilty" or not.

For the reasons outlined above, Defendant respectfully requests this Court **GRANT** the Defendant's Motion and provides the Defendant the following relief:

(1) Dismiss the Defendant due to Plaintiff's failure to make a *prima facie* showing of copyright infringement, proper joinder of the 252 defendants, and proof that Defendant did in fact access the Work via the reported IP address;

(2) Quash the subpoena at issue;

(3) To the extent a subpoena is not quashed, grant a protective order sealing and preventing the disclosure of Defendant information obtained through a subpoena; and,

(4) Provide any further relief to Defendant that is just and proper.

| | |
|---|---|
| Date: 5/17/2012 | Respectfully submitted,<br><br>**JOHN DOE #18 (24.6.26.5)**<br><br>By: _John Doe #18 (24.6.26.5)_<br>John Doe #18 (24.6.26.5) |