```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION

Celestial, INC,                  )
                                 )
       Plaintiff,                )
                                 )   Civil Action No.
v.                               )   2:12-cv-00082-UA-DNF
                                 )
DOES 1-252,                      )
                                 )
       Defendants.               )
_____)
```

### DOE 197'S MOTION TO QUASH SUBPOENA AND DISMISS ACTION OR, IN THE ALTERNATIVE, SEVER THE ACTION, WITH INCORPORATED MEMORANDUM OF LAW

COMES NOW Defendant "Doe 197," by and through the undersigned attorney, and, pursuant to Rules 26, 45(c)(3), and/or 12(b)(2) Federal Rules of Civil Procedure, moves this Honorable Court to **QUASH** the subpoena issued by Plaintiff, CELESTIAL, INC., and **DISMISS** the action for lack of personal jurisdiction; pursuant to Rule 12(b)(1), for Celestial's lack of capacity to sue in the state of Florida; and pursuant to Rule 12(b)(3), for improper venue; or, in the alternative, pursuant to Rules 20 and 21, moves this Court to **SEVER** the action and **DISMISS** all defendants, except Doe 1, for improper joinder.

**CONTENTS OF THIS MOTION**

I.   Introduction............................................. **2**

II.  Because the complaint fails on its face to sufficiently
     plead personal jurisdiction, the subpoena should be
     quashed and the complaint dismissed..................... **3**

III. The complaint should be dismissed for improper venue.... **7**

IV.  The action should be dismissed as Plaintiff lacks the
     capacity to sue in the State of Florida................. **9**

V.   This action should be severed, and claims against all
     Defendants, except Doe 1, should be dismissed for
     improper joinder........................................ **10**

VI.  Conclusion.............................................. **18**

**ARGUMENT**

**I.   Introduction**

On February 15, 2012, Plaintiff, CELESTIAL, INC., a California corporation, filed the instant action against 252 unidentified "John Does" for the alleged copyright infringement of a pornographic film titled *Blumpkin Blowjobs.* This lawsuit is "part of a nationwide blizzard of civil actions brought by purveyors of pornographic films alleging copyright infringement by individuals using a computer protocol known as BitTorrent." *In Re: BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765, 2012 U.S. Dist. LEXIS 61447 (E.D.N.Y. May 1, 2012).

On March 12, 2012, this Court granted (Doc. 9) Celestial leave to serve subpoenas on non-party Internet service providers for the names, telephone numbers, addresses, and email addresses of the John Does, accountholders for 252 Internet Protocol (IP) addresses listed in an exhibit (Doc 1-1) to Celestial's complaint.

On or about May 28, 2012, Doe 197 received a letter from Comcast, with a copy of such a subpoena attached.

## II. Because the complaint fails to sufficiently plead personal jurisdiction, the subpoena should be quashed and the complaint dismissed.

"When a defendant moves to dismiss a complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6) and for lack of personal jurisdiction under Fed.R.Civ.P. 12(b)(2), the court should address the personal jurisdiction question first." *Walack v. Worldwide Mach. Sales, Inc.*, 278 F. Supp. 2d 1358, 1364 (M.D. Fla. 2003) (citing *Madara v. Hall,* 916 F.2d 1510, 1513-14 (11th Cir.1990)).

The subpoena for Comcast's records on Doe 197 should be quashed and Celestial's complaint dismissed because, even where the complaint is construed in the most favorable light to Celestial, on its face it fails to sufficiently plead personal jurisdiction.

"The plaintiff is required to plead sufficient material

facts to form a basis for in personam jurisdiction." *Walack*, 278 F. Supp. 2d at 1364. The test of determining the existence of personal jurisdiction is two-fold: First, jurisdiction must be appropriate under the state long-arm statute; next, it must not violate the constitutional right to due process. *Nu Image, Inc. v. Does 1-3932*, 2:11-CV-545-FTM-29, 2012 WL 1382251 *2 (M.D. Fla. April 20, 2012) (citing *United Techs. Corp. v. Mazer,* 556 F.3d 1260, 1274 (11th Cir. 2009); *see also Walack*, 278 F. Supp. 2d at 1365. A plaintiff "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *Nu Image,* 2012 WL 1382251 *2.*

In its Complaint, Celestial attempts but fails to meet its initial burden with the following allegations:

> Although the true identity of each Defendant is unknown to the Plaintiff at this time, on information and belief, each Defendant may be found in this District and/or a substantial part of the acts of infringement complained herein occurred in this District. On information and belief, personal jurisdiction in this District is proper because each Defendant, without

>consent or permission of the Plaintiff as exclusive rights owner, distributed and offered to distribute over the Internet works for which Plaintiff has exclusive rights. Such unlawful distribution occurred in every jurisdiction in the United States, including this one.

(Doc. 1 at 2-3 ¶ 5.) Ironically, that same, vague wording, verbatim, is used by NU IMAGE, INC., another California film company, in a lawsuit it filed in this very judicial district and division, by and through the same attorney as Celestial's instant lawsuit. *See* Complaint in *Nu Image, Inc.*, 2:11-cv-00545-JES-SPC, Doc. 1 ¶ 5. In fact, Celestial's *entire complaint* is a virtual word-for-word copy of Nu Image's, with few minute exceptions.

On May 24, 2012, the Honorable John E. Steele entered an opinion finding the above-quoted allegations "insufficient to allege personal jurisdiction over any defendant under the Florida long-arm statute and the Due Process Clause." *Nu Image, Inc.*, 2:11-CV-545-FTM-29, 2012 WL 1890829 *3 (citing *Internet Solutions Corp. v. Marshall,* 611 F.3d 1368 (11th Cir. 2010); *Bond v. Ivy Tech State College,* 167 F. App'x 103, 106 (11th Cir. 2006)) (granting motions to quash filed by Does

190, 191, 192, 194, 195, and 202).

"A court's personal jurisdiction over a defendant is not a meaningless gesture." *Nu Image*, 2:11-CV-545-FTM-29, 2012 WL 1382251 *3. "The requirement of personal jurisdiction flows from the Due Process Clause, and 'recognizes and protects an individual liberty interest. It represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty. Thus, the test for personal jurisdiction requires that the maintenance of the suit not offend traditional notions of fair play and substantial justice.'" *Id.* (citations omitted). "A court without personal jurisdiction is powerless to take further action." *Id.* (quoting *Posner v. Essex Ins. Co., Ltd.,* 178 F.3d 1209, 1214 n. 6 (11th Cir. 1999)).

Analyzing Nu Image/Celestial's allegation that "personal jurisdiction is proper because each Defendant . . . distributed and offered to distribute over the Internet [protected] works . . ." Judge Steel further concluded that "participation in a BitTorrent swarm does not provide the necessary minimum contact with the State of Florida." *Id*. *6 (citing *Liberty Media Holding, LLC v. Tabora,* No. 11-cv-651-IEG, 2012 WL 28788 (S.D.Cal. Jan. 4, 2012)).

This Court also, in April, after providing an in-depth

analysis of the Florida long-arm jurisdiction statute, determined that Nu Image "failed to allege sufficient facts in the Complaint to make out a prima facie case against the Defendant." *E.g., Nu Image, Inc.*, 2:11-CV-545-FTM-29, 2012 WL 1382251 *2 (granting Doe 313's motion to quash for lack of personal jurisdiction); *see also* (same case), 2012 WL 1389030 *2 (M.D. Fla. April 20, 2012) (granting Doe 897's motion to quash for lack of personal jurisdiction); and *Nu Image, Inc.*, 2012 WL 1231930 *2 (M.D. Fla., April 12, 2012) (granting Doe 826's motion to quash for lack of personal jurisdiction).

Therefore, because Celestial's complaint contains the *exact same wordage* as Nu Image's, which, as already found by this Court, is insufficient to satisfy a prima facie case for personal jurisdiction, this Court should adopt and apply the analysis in the *Nu Image* case, 2:11-cv-545-FTM-29 (Doc. 244), and quash the subpoena with reference to Doe 197. Furthermore, because the complaint's allegations are insufficient on its face, the complaint should be dismissed, pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure.

### III. **The suit should be dismissed for improper venue.**

Next, the complaint, or, at minimum, the claims against Doe 197, should be dismissed pursuant to Rule 12(b)(3) for improper venue.

"On a motion to dismiss based on improper venue, the plaintiff has the burden of showing that venue in the forum is proper." *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004) (citations omitted).

Venue for claims asserted under the Copyright Act is determined *not* by the general provision governing suits in the federal district courts, but rather by the Copyright Act, which requires that a civil suit to enforce the Copyright Act be brought in a judicial district "in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a) (cited by *Nu Image, Inc. v. Does 1-23,322*, 11-cv-00301(RLW), 2011 WL 3240562 (D.D.C. 2011)).

In the instant Complaint, Celestial claims that venue is proper because "each Defendant may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District." (Doc. 1 at 2 ¶ 5). This allegation is wholly insufficient. First, pursuant to 28 U.S.C. § 1400(a), venue is not proper where the infringement occurred but rather in the judicial district where "the defendant . . . resides or may be found." Therefore, to state that each of 252 John Does either "may" be found in this District "**or**" certain acts occurred in this district is entirely too vague an allegation to be sufficient.

Therefore, the complaint, or, at a minimum, all counts against Doe 197, should be dismissed for improper venue.

**IV. The action should be dismissed, as Plaintiff lacks capacity to sue in the state of Florida.**

Next, the entire action should be dismissed because CELESTIAL, INC. is not registered with the State of Florida, Division of Corporations and thus is barred from maintaining this or any other action as a plaintiff in Florida. Florida law mandates that any corporation failing to file an annual report with the Secretary of State "shall not be permitted to maintain or defend any action in any court of this state until such report is filed and all fees and taxes due under this act are paid and shall be subject to dissolution or cancellation of its certificate of authority to do business as provided in this act." Fla. Stat. § 607.1622(8). *E.g., Davis Tune, Inc. v. Precision Franchising, LLC.*, 3:05CV97/RV, 2005 WL 1204618 (N.D. Fla. 2005); *DeSilva Const. Corp. v. Herrald*, 213 F. Supp. 184, 191-92 (M.D. Fla. 1962) (distinguished on other grounds).

A search of the Division of Corporation's records reveals the only "CELESTIAL, INC." to be a Florida corporation from Niceville, Florida, that dissolved in 1987. *See* http://www.sunbiz.org. Such company however is obviously not

the Celestial at bar because it is not a California company (and even if it were the Celestial at bar, it would still be barred from filing an action because it is dissolved). No foreign corporation in the state's records bears the name "Celestial, Inc." *Id*. Thus, because Celestial is not a properly registered corporation in Florida, it lacks the capacity to sue in this state, and the lawsuit should be dismissed.

### V. The action should be severed, and claims against all Defendants, except Doe 1, should be dismissed for improper joinder.

Finally, should this Court not dismiss the action in its entirety as requested above, it should sever the action and dismiss Celestial's claims against all Does, except Doe 1, for improper joinder. At this stage in the proceedings, prior to the identification of the Defendants, a determination can be made as to whether joinder is improper, as held by this judicial district. *Interscope Records v. Does 1-25,* No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782, at *19 (M.D. Fla. Apr. 1, 2004) (ordering that all claims except those against Doe 1 be severed and allowing plaintiffs to initiate separate new actions as to all other John Doe defendants).

Joinder is appropriate only where:

> (A) any right to relief is asserted

> against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Even where these factors are met, "[t]he court may issue orders--including an order for separate trials--to protect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party." Fed. R. Civ. P. 20(b). Furthermore, "[t]he court may also sever any claim against a party." Fed. R. Civ. Proc. 21 (cited by *Liberty Media Holdings, LLC v. BitTorrent Swarm*, 277 F.R.D. 672, 674 (S.D. Fla. 2011)).

Like in many similar copyright cases against multiple John Does, Celestial utilizes a theory known as "swarm joinder," alleging that each of the unidentified Doe Defendants "simultaneously" uploaded and downloaded a protected work. *E.g.*, *Raw Films, Inc. v. Does 1-32*, 1:11-CV-2939-TWT, 2011 WL 6840590 (N.D. Ga. 2011). "The swarm joinder theory has been considered by various district courts, the majority of which have rejected it." *Id.* (citing *On The Cheap v. Does 1-5011,* No. C10-4472 BZ, 2011 WL 4018258, at *1 (Sept.

6, 2011)); *see also Liberty Media Holdings, LLC*, 277 F.R.D. 672, 675 (S.D. Fla. 2011) (finding joinder of mass "John Does" inappropriate). For example, the Northern District of Georgia rejected the swarm joinder theory, emphatically stating, "Downloading a work as part of a swarm does not constitute 'acting in concert' with one another, particularly when the transactions happen over a long period." *Raw Films, Inc.*, 1:11-CV-2939-TWT, 2011 WL 6840590 (citing *Hard Drive Productions, Inc. v. Does 1-188,* No. C-11-01566 JCS, 2011 WL 3740473, at *13 (N.D. Cal.).

In the instant case, Celestial has improperly joined 252 defendants under the swarm joinder theory. Its claims against the 252 Does do not arise "out of the same transaction, occurrence, or series of transactions or occurrences" as required by Rule 20(a)(2). For one, Celestial's evidence shows a two-month time span between the alleged file sharing. For instance, Doe 1 allegedly downloaded the file at 1:12 p.m. on June 24, 2011 (Doc 1-1 at 1), while Doe 252 allegedly downloaded the file at 9:22 a.m. on August 15, 2011 (Doc 1-1 at 9) – nearly two months later. The other 250 unidentified Defendants allegedly downloaded the file at various dates and times between those dates. Furthermore, as each Doe has a different IP address, all files were downloaded at different

locations. Therefore, even taking the allegations of the complaint as true, Defendants could not have possibly participated in the same transaction, occurrence, or series of transaction or occurrence. *See LaFace Records, LLC v. Does 1-38*, 2008 WL 544992 *7 (E.D.N.C. 2008) ("merely committing the same type of violation in the same way does not link defendants together for purposes of joinder"); *Patrick Collins, Inc. v. Does 1-16,* No. 6:12-cv-477-ACC-KRS, Order to Show Cause [Doc. 7, Page ID 93] (M.D. Fla. April 5, 2012) (finding Doe defendants to have "not act[ed] in concert and not engaged in the same series of transactions or occurrences").

Furthermore, in an infringement case with 252 defendants, "the reality is that each claim against each Doe involves different facts and defenses." *Third Degree Films v. Does 1-108*, Civ. No. PJM 12-1298, 2012 WL 1514807 (D.Md. April 27, 2012) (quoting *CineTel Films, Inc. v. Does 1-1052*, _F. Supp.2d._, 2012 WL 1142272 *5 (D.Md. Apr. 4, 2012) and severing defendants after "the motions to quash and sever have themselves presented a wide variety of factual and legal issues"). As each Defendant is identified only by an IP address, "the assumption that the person who pays for Internet access at a given location is the same individual who

allegedly downloaded a single sexually explicit film is tenuous." *In Re: BitTorrent Adult Film Copyright Infringement Cases*, No. 11-cv-03995, 2012 WL 1570765, 2012 U.S. Dist. LEXIS 61447 (E.D.N.Y. May 1, 2012). Due to the increasing popularity of wireless routers, identifying a computer user by an IP address is unlikely, as different family members or visitors could have performed the alleged downloads, which could have occurred in residences, businesses, or one of many wi-fi hotspots. *Id.* In another similar case, one court observed that "30% of the names turned over by ISPs are not those of individuals who actually downloaded or shared copyrighted material." *Digital Sin, Inc. v. Does 1-176,* 2012 WL 263491 *3 (S.D.N.Y. Jan. 30, 2012). Thus, a substantial number of innocent persons are forced to incur the burden of defending these suits at their own expense.

Additionally, these different facts and defenses have the result of causing prejudice to the improperly joined Defendants. *E.g., Bridgeport Music, Inc. v. 11C Music*, 202 F.R.D. 229, 233 (M.D. Tenn. 2001) ("If joined in one action, hundreds of Defendants will be subject to an overwhelming onslaught of materials and information unrelated to the specific claims against them – all of which they must pay their attorney to review."). Furthermore, a question of

judicial economy comes into play, especially considering potentially 252 different sets of witnesses. *See, e.g.*, *Digital Sins, Inc. v. Does 1-245*, 11-cv-8170(CM), 2012 WL 1744838 (S.D.N.Y. May 15, 2012) ("There are no litigation economies to be gained from trying what are in essence 245 different cases together, because each of the John Does is likely to have some individual defense to assert."). For instance, "Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works." *BMG Music v. Does 1-203*, 2004 WL 953888 *1 (E.D. Pa. 2004) (finding joined litigation inappropriate).

Finally, the public policy against these BitTorrent cases, whose plaintiffs employ reportedly harassing and extortionate manners, strongly supports severing Defendants. In granting a motion to sever, one court explained:

> [T]he practical reality of these types of cases — which, as noted, have proliferated across the country — is that almost all end in settlement and few, if any, are resolved on their merits. Against this backdrop, the risk of extortionate settlements is too great to ignore, especially when joinder is

being used to that end. While the courts favor settlements, filing one mass action in order to identify hundreds of doe defendants through pre-service discovery and facilitate mass settlement, is not what the joinder rules were established for. Indeed, the risk of inappropriate settlement leverage is enhanced in a case like this involving salacious and graphic sexual content where a defendant may be urged to resolve a matter at an inflated value to avoid disclosure of the content the defendant was accessing. Given this risk, it is patently unfair to permit Plaintiff to receive a windfall, securing all the necessary personal information for settlement without paying more than a one-time filing fee. The potential for coercing unjust settlements from innocent defendants trumps Plaintiff's interest in maintaining low litigation costs. To be clear, the court is available to Plaintiff to enforce its copyright, but Plaintiff must separately file individual

> cases against each Doe Defendant. The joinder mechanism cannot be permitted in these circumstances.

*Third Degree Films*, 2012 WL 669055 (April 27, 2012) (internal citations and quotation marks omitted). The court found it "patently unfair to permit Plaintiff to receive a windfall, securing all the necessary personal information for settlement without paying more than a one-time filing fee." *Id*. It reasoned that "[t]he potential for coercing unjust settlements from innocent defendants trumps Plaintiff's interest in maintaining low litigation costs," and emphasized: "To be clear, the court is available to Plaintiff to enforce its copyright, but Plaintiff must separately file individual cases against each Doe Defendant. The joinder mechanism cannot be permitted in these circumstances." *See also K-Beech, Inc. v. Does 1-85*, 2011 U.S. Dist. LEXIS 124581 *6 (E.D. Va. Oct. 5, 2011) ("Some defendants have indicated that the plaintiff has contacted them directly with harassing telephone calls, demanding $2900 in compensation to end the litigation"); *On the Cheap, LLC*, 2011 U.S. Dist. LEXIS 99831 *11 (N.D. Cal. Sept. 6, 2011).

Therefore, because the claims against the 252 Does do not

arise out of the same occurrence; because the Defendants will have many different questions of law and fact; because continued joinder will prejudice the Defendants and strain judicial economy; and because public policy disfavors joinder, if this Court does not dismiss the action for other reasons, it should sever the defendants, dismissing all but the first Doe from the lawsuit.

**VI.   Conclusion**

In summary, because this Court fails to meet a prima facie case of personal jurisdiction, the subpoena for Doe 197's records should be quashed and the complaint dismissed. Dismissal is further proper because the complaint fails to properly allege venue and Celestial lacks the capacity to sue in Florida.  Finally, in the alternative, should the Court not dismiss the action as a whole, the case should be severed, with claims against all Defendants, except Doe 1, dismissed for improper joinder.

WHEREFORE, Defendant Doe 197 respectfully requests that this Honorable Court enter an Order:

1. GRANTING this Motion;

2. QUASHING the subpoena as to "Doe 197";

3. DISMISSING the complaint, or in the alternative, the claims against Defendant Doe 197, for lack of personal jurisdiction and/or improper venue;

4. DISMISSING the instant action for reason that Celestial lacks the capacity to sue in Florida;

or, in the alternative:

5. SEVERING this action and DISMISSING all but the first Defendant from this case.

## CERTIFICATE OF SERVICE

I hereby certify that on **June 22, 2012**, I filed electronically the foregoing with the Clerk of the Court via CM/ECF system which will notify electronically all parties.

*Attorney for Doe 197:*

**Cynthia Conlin, P.A.**
1643 Hillcrest Street
Orlando, Florida 32803
Tel 407-965-5519
Fax 407-545-4397
www.cynthiaconlin.com

/s/ Cynthia Conlin, Esq.
CYNTHIA CONLIN, ESQ.
Florida Bar No. 47012
cynthiaconlin@cynthiaconlin.com