# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**CELESTIAL, INC.**,

                     **Plaintiff,**

**-vs-**                                        **Case No.  2:12-cv-82-FtM-99DNF**

**JOHN DOES 1-252,**

                     **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This Cause is before the Court on the following motions:

1) John Doe #225's Motion to Dismiss Party, Motion to Quash Subpoena, Motion for Protective Order, Motion to Sever for Improper Joinder, Motion to Dismiss for Failing to State a Cause of Action (Doc. 39) filed on June 19, 2012;

2) John Doe #185's Motion to Quash Subpoena and Dismiss Action or, in the Alternative, Sever the Action (Doc. 42) filed on June 22, 2012;

3) John Doe #197's Motion to Quash Subpoena and Dismiss Action or, in the Alternative, Sever the Action (Doc. 43) filed on June 22, 2012;

4) John Doe #167's Motion to Dismiss/Sever and for a Protective Order and/or to Quash Subpoena (Doc. 44) filed on June 22, 2012;

5) John Doe #102's Motion to Dismiss/Sever and for a Protective Order and/or to Quash Subpoena (Doc. 45) filed on June 22, 2012;

6) Ken Larsen Wish's Motion to Quash or Vacate (Doc. 46) filed on June 22, 2012;

7) Diane L. Deviers a/k/a John Doe #94's Motion to Dismiss (Doc. 49) filed on June 22, 2012;

8)  John Doe #121's Omnibus Motion to Quash, Issue a Protective Order, and/or Sever and Dismiss (Doc. 51) filed on June 25, 2012;

9) John Doe #97's Motion to Dismiss; to Sever; to Quash Subpoena; for Protective Order (Doc. 52) filed on June 25, 2012;

10) John Doe #159's Omnibus Motion to Quash, Issue a Protective Order, and/or Sever and Dismiss (Doc. 53) filed on June 25, 2012;

11) John Doe #141's Omnibus Motion to Quash, Issue a Protective Order, and/or Sever and Dismiss (Doc. 54) filed on June 25, 2012;

12) John Doe #139's Omnibus Motion to Quash, Issue a Protective Order, and/or Sever and Dismiss (Doc. 55) filed on June 25, 2012; and,

13) John Doe #206's Motion to Quash Subpoena (Doc. 60) filed on June 26, 2012.

The Plaintiff, Celestial Inc. filed an Opposition (Doc. 72) on July 3, 2012 to the above motions. John Doe #s 121, 141, and 139 filed a Notice of Scrivener's Error (Doc. 58) on June 27, 2012 indicating that their motions contained incorrect IP addresses.  Many of the same issues were raised by the John Does[1] in their motions, therefore, the Court will consider the issues raised together.

**I. Background**

On February 15, 2012, the Plaintiff filed a Complaint for Copyright Infringement (Doc. 1) alleging that the Plaintiff is the owner of the copyright and has exclusive rights under the copyright

---

[1]  When referring to the John Doe Defendants, the Court is including Ken Larsen Wish Diane L. Deviers as well.

law of the United States to the motion picture, "*Bumpkin Blowjobs.*" (Com.[2] ¶3)[3]. The Plaintiff

transfers its motion picture by using a "BitTorrent protocol" or "torrent" which allows even small

computers with low bandwidth to be able to participate in the transfer of large data across a P2P

network. (Com. ¶3). The initial file provider elects to share a file with a torrent network. (Com. ¶3).

The initial file is referred to as a seed. (Com. ¶3). Other users connect to the network to download the

seed file. (Com. ¶3).

   The Plaintiff claims that the Doe Defendants have used and continue to use an online media

distribution system to reproduce and distribute this motion picture to others.  (Com. ¶12).   The

Plaintiff identified the Doe Defendants by their IP (Internet Protocol) addresses which were assigned

to the Does by the Does' ISPs (Internet Service Providers), and these IP addresses were observed

conducting infringing activities on a specific date and time. (Com. ¶12).  The Plaintiff contends that

each Doe Defendant participated in a "swarm" and reproduced and/or distributed the same seed file

of the Plaintiff's copyrighted motion picture to others. (Com. ¶12).

   The Plaintiff asserts that the names of the Doe Defendants are unknown to the Plaintiff, and

the Plaintiff is only able to obtain the IP addresses assigned to the Doe Defendants.  The Plaintiff

asserts that

> on information and belief, each Defendant may be found in this District and/or a
> substantial part of the acts of infringement complained of herein occurred in this
> District.  On information and belief, personal jurisdiction in this District is proper
> because each Defendant, without consent or permission of the Plaintiff as exclusive
> rights owner, distributed and offered to distribute over the Internet copyrighted works

---

[2] "Com." refers to the Complaint (Doc. 1).

[3]   The facts presented in this Order are derived from the allegations in the Complaint
(Doc. 1).  The Court will accept these facts as true only for the purposes of this Report and
Recommendation.

for which the Plaintiff has exclusive rights.  Such unlawful distribution occurred in every jurisdiction in the Untied States, including this one.

(Com. ¶5).  The Doe Defendants have not been served with process and are attempting to quash the subpoenas to the ISP so that the Plaintiff will not be able to obtain the information needed to serve the Doe Defendants.

The Plaintiff filed Motion for Leave to Take Discovery Prior to Rule 26(f) Conference (Doc. 5) on March 5, 2012, requesting that the Court allow it to serve subpoenas on ISPs to obtain the names, addresses, telephone numbers, e-mail addresses, and Media Access Control Addresses for the Doe Defendants.  The Court entered an Order (Doc. 9) on March 12, 2012 allowing the subpoena[4] to be served.  Comcast Legal Response Center, the ISP for the present Doe Defendants sent letters to them indicating that it would provide their names, addresses and other information unless the Doe Defendant or counsel filed "something with the Middle District of Florida such as a motion to quash or vacate the Subpoena no later than June 25, 2012." (*See, i.e.*, Doc. 51-1).  Some of the Doe Defendants filed the motions listed above.

---

[4] The Court questions the validity of the subpoena but recognizes that the subpoena was not served on the Doe Defendants but rather on Comcast.  Nonetheless, the subpoena was issued to Comcast and served in Moorestown, New Jersey.  Rule 45 states that "[a] subpoena must issue for production or inspection, if separate from a subpoena commanding a person's attendance **from the court for the district where the production or inspection is to be made.**"  FED. R. CIV. P. 45(a)(2)(C) (emphasis added).  Further, a motion to quash must be made in the issuing court.  FED. R. CIV. P. 45(c)(3).  Based upon the issuing Court being incorrectly named as the Middle District of Florida, Comcast sent letters to the Doe Defendants indicating that they must file "something with the Middle District of Florida such as a motion to quash or vacate the Subpoena." (*See, i.e.* Doc. 51-1).  Therefore, the Doe Defendants filed their motions here.  Even though the issuing Court is incorrect, the Court will proceed with its analysis on the merits.

## II. Personal Jurisdiction

Some of the Doe Defendants specifically raise the issue regarding lack of personal jurisdiction. The Plaintiff asserts that the Doe Defendants should not be able to argue the lack of personal jurisdiction because they have not been served or individually named, and the only issue before the Court is whether the subpoenas should be quashed. The Plaintiff argues that the Doe Defendants do not have standing to challenge the subpoenas except on the basis of privilege or privacy. The Plaintiff contends that the subpoenas in the instant case were not served on the Doe Defendants, and the Doe Defendants have not made any factual showing that the records have confidential or proprietary information in them. The Honorable John E. Steele, United States District Judge recently entered an Opinion and Order in the case of *Nu Image, Inc. v. Does 1-3,932*, Case No. 2:11-cv-545-FtM-29DNF, 2012 WL 1890632 *1 (M.D. Fla May 23, 2012) which determined the issue of personal jurisdiction in an action with a Complaint that has the same allegations concerning personal jurisdiction as in the instant case. Judge Steele determined, "[t]he court concludes that plaintiff undervalues the role of personal jurisdiction and misstates its pleading obligation." *Id*.

"Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so the court's decision will bind them. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999). "The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1882) (citing *Stoll v. Gottlieb*, 305 U.S. 165, 171-172 (1938) and *Thompson v. Whitman*, 85 U.S. 457, 21 L.Ed. 897 (1874)). Personal jurisdiction flows from the Due Process Clause which protects "an individual liberty interest." *Id*. "Thus, the test for personal jurisdiction requires that the

maintenance of the suit . . . not offend traditional notions of fair play and substantial justice." *Id.* (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945), quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)) (internal quotation marks omitted).  Personal jurisdiction restricts a court's judicial power "not as a matter of sovereignty, but as a matter of individual liberty."  *Baragona v. Kuwait & Gulf Link Transportation Co.*, 691 F. Supp.2d 1351, 1358 (N.D. Ga. 2009) (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982)).  Personal jurisdiction is an essential element of jurisdiction of a federal district court and without personal jurisdiction the counsel "is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) (*citing *Employers Reinsurance Corp. v. Bryant,* 299 U.S. 374, 382 (1937) (internal quotation marks omitted)).  Generally, courts should address issues relating to personal jurisdiction prior to adjudicating issues on the merits.  *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 940 (11th Cir. 1997) (citations omitted).

In cases where jurisdiction is based upon federal question arising under a statute that is silent as to service of process, which is the statute in the instant case, courts employ a two-step process to determine whether personal jurisdiction is satisfied.  *Sloss Indus. Corp. v. Eurisol*, 488 F. 3d 922, 925 (11th Cir. 2007), and *Sculptchair, Inc. v. Century Arts, Ltd*, 94 F.3d 623, 626-627 (11th Cir. 1996) (citing *Cable/Home Commc'n v. Network Prod's*, 902 F.2d 829, 855 (11th Cir. 1990)).  First the Court must determine if the exercise of jurisdiction is appropriate under Florida's long-arm statute, and second the Court must examine whether the exercise of jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment which requires that a defendant have minimum contacts with the forum state, and that exercise of jurisdiction not offend traditional notions of fair play and substantial justice.  *Id*.  The burden in on the plaintiff to establish a prima facie case of

personal jurisdiction over nonresident defendants. *Consolidated Dev. Corp. v. Sherritt, Inc.* 216 F.3d 1286, 1291 (11th Cir. 2000). Vague and conclusory allegations are not sufficient to subject a defendant to personal jurisdiction of a court. *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006) (citing *Posner v. Essex Ins. Co. Ltd.*, 178 F.3d 1209, 1217-18 (11th Cir. 1999)).

The Plaintiff alleges one claim for copyright infringement against all of the Doe Defendants asserting federal question jurisdiction pursuant 28 U.S.C. §1331. (Doc. 1, ¶2). The allegations relating to personal jurisdiction are "on information and belief, each Defendant may be found in this district and/or a substantial part of the acts of infringement complained of herein occurred in this District. On information and belief, personal jurisdiction in this District is proper because each Defendant, without consent or permission of the Plaintiff as exclusive rights owner, distributed and offered to distribute over the Internet copyrighted works for which the Plaintiff has exclusive rights. Such unlawful distribution occurred in every jurisdiction in the United States, including this one." (Doc. 1, ¶5).

Based upon the exact same allegations, Judge Steele found that "these allegations in the Complaint are insufficient to allege personal jurisdiction of John Doe #1 or any defendant under the Florida long-arm statute and the Due Process Clause. The allegations do not state that John Doe #1 or any defendant purposefully directed his activities at Florida or in Florida, or that he knew his activities would cause harm in the State of Florida, or that he is actually located in the state of Florida." *Nu Image, Inc. v. Does 1 - 3,932*, Case No. 2:11-cv-545-FtM-29SPC, 2012 WL 1890632, *2 (M.D. Fla. May 23, 2012). This Court agrees with Judge Steele's analysis that the allegations in the instant Complaint are insufficient to allege personal jurisdiction over the Doe Defendants. As Judge Steele determined, the alleged copyrighted materials in the instant case were alleged to be distributed and offered for distribution in every jurisdiction, but no specific ties to the State of Florida

were alleged such that any of the defendants would be on notice or could reasonably foresee that they would "be hauled into court in the State of Florida."   The vague and conclusory allegations in the instant Complaint (Doc. 1) are not sufficient to satisfy a *prima facie* case for personal jurisdiction in the State of Florida.  *See*, *Internet Solutions Corp. v. Marshal*, 611 F.3d 1368, 1370 (11th Cir. 2010). Further, "participation in a BitTorrent swarm that results in copyrighted work being distributed to computers in the forum is insufficient by itself to confer specific jurisdiction over a defendant." *Liberty Media Holding, LLC v. Tabora*, No. 11-cv-651-IEG (JMA),  2012 WL 28788, *4 (S.D. Ca. Jan. 2, 2012). Therefore, the Court respectfully recommends that the motions to quash the subpoena be granted based upon the Plaintiff failing to sufficiently allege personal jurisdiction as to John Doe Defendants.

### III.  Other Issues Raised

The Doe Defendants also request that the Court sever the Defendants, that this action be dismissed, and  that the Court enter a protective order.  The Doe Defendants have not been served in this case, therefore, the motions to dismiss and sever are premature.  The Court is recommending that the subpoena be quashed, therefore, the issues relating to protective orders are moot.

### IT IS RESPECTFULLY RECOMMENDED:

1) John Doe #225's Motion to Dismiss Party, Motion to Quash Subpoena, Motion for Protective Order, Motion to Sever for Improper Joinder, Motion to Dismiss for Failing to State a Cause of Action (Doc. 39) be **GRANTED** as to the Motion to Quash Subpoena, and **DENIED** as to the Motion for Protective Order, and **DENIED** as premature as to the Motion to Dismiss Party, Motion to Sever for Improper Joinder, and Motion to Dismiss for Failing to State a Cause of Action.

2) John Doe #185's Motion to Quash Subpoena and Dismiss Action or, in the Alternative, Sever the Action (Doc. 42)  be **GRANTED** as to the Motion to Quash Subpoena, and **DENIED** as premature to the Motion to Dismiss Action or, in the Alternative Sever the Action.

3) John Doe #197's Motion to Quash Subpoena and Dismiss Action or, in the Alternative, Sever the Action (Doc. 43) be **GRANTED** as to the Motion to Quash Subpoena, and **DENIED** as premature as to the Motion to Dismiss Action or, in the Alternative Sever Action.

4) John Doe #167's Motion to Dismiss/Sever and for a Protective Order and/or to Quash Subpoena (Doc. 44) be **GRANTED** as to the Motion to Quash Subpoena, and **DENIED** as to the premature as to the Motion to Dismiss/Sever and **DENIED** as to the Motion for a Protective Order.

5) John Doe #102's Motion to Dismiss/Sever and for a Protective Order and/or to Quash Subpoena (Doc. 45)  be **GRANTED** as to the Motion to Quash Subpoena, and **DENIED** as premature as to the Motion to Dismiss/Sever and **DENIED** as to the Motion for a Protective Order.

6) Ken Larsen Wish's Motion to Quash or Vacate (Doc. 46) be **GRANTED** as to the Motion to Quash, and **DENIED** as to the Motion to Vacate.

7) Diane L. Deviers a/k/a John Doe #94's Motion to Dismiss (Doc. 49) be **GRANTED** to the extent that the subpoena is quashed as to Ms. Deviers, and **DENIED** as premature as to the Motion to Dismiss.

8)  John Doe #121's Omnibus Motion to Quash, Issue a Protective Order, and/or Sever and Dismiss (Doc. 51) be **GRANTED** as to the Motion to Quash, and **DENIED** as to the Motion to Issue a Protective Order, and **DENIED** as premature as to the Motion to Sever and Dismiss.

9) John Doe #97's Motion to Dismiss; to Sever; to Quash Subpoena; for Protective Order (Doc. 52) be **GRANTED** as to the Motion to Quash Subpoena, and **DENIED** as to the Motion to Issue a Protective Order, and **DENIED** as premature as to the Motion Dismiss and Motion to Sever.

10) John Doe #159's Omnibus Motion to Quash, Issue a Protective Order, and/or Sever and Dismiss (Doc. 53) be **GRANTED** as to the Motion to Quash, and **DENIED** as to the Motion to Issue a Protective Order, and **DENIED** as premature as to the Motion to Sever and Dismiss.

11) John Doe #141's Omnibus Motion to Quash, Issue a Protective Order, and/or Sever and Dismiss (Doc. 54) be **GRANTED** as to the Motion to Quash, and **DENIED** as to the Motion to Issue a Protective Order, and **DENIED** as premature as to the Motion to Sever and Dismiss.

12) John Doe #139's Omnibus Motion to Quash, Issue a Protective Order, and/or Sever and Dismiss (Doc. 55) be **GRANTED** as to the Motion to Quash, and **DENIED** as to the Motion to Issue a Protective Order, and **DENIED** as premature as to the Motion to Sever and Dismiss.

13) John Doe #206's Motion to Quash Subpoena (Doc. 60) be **GRANTED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __5th__ day of July, 2012.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record