**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

CELESTIAL, INC.,

    Plaintiff,

v.                                                   CASE NO. 2:12-CV-82-FTM-99DNF

JOHN DOES 1-252,

    Defendant.
_____/

## ORDER

This matter comes before the Court upon the Report and Recommendation (Doc. 73), entered by United States Magistrate Judge Douglas N. Frazier on July 5, 2012 . In the Report and Recommendation, Magistrate Judge Frazier found that the subpoena should be quashed because the Complaint fails to sufficiently allege personal jurisdiction as to John Doe Defendants. While the Court does not disagree, a personal jurisdiction analysis is unnecessary given that-as noted in footnote 4 (Doc.73)- the subpoena was issued from the wrong court. After undertaking a *de novo* review of the record in conjunction with the specific objections lodged by Defendants (Doc 76, 83, 85, 86,87), for the reasons discussed below, the Court will adopt the Report and Recommendation in part and overrule it in part.[1]

Rule 45 of the Federal Rules of Civil Procedure states:

(a)(2) ***Issued from Which Court***. A subpoena must issue as follows:
    ...

---

[1] The factual background of this case was set out in the Report and Recommendation and will not be repeated here.

    (C)  for production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district *where the production or inspection is to be made*.

Fed. R. Civ. P. 45(a) (emphasis added). In this case, Plaintiff issued a subpoena to non-party Comcast, in Moorestown, New Jersey. As noted in the Report and Recommendation, the subpoena "incorrectly named...the Middle District of Florida." (Doc. 73 at 4, n. 4). Since Comcast is located in, and was served in, New Jersey, the "district where the production or inspection is to be made" must also be in New Jersey-regardless of the fact that Plaintiff attempts to designate counsel's law firm in Naples, Florida as the location for production. Accordingly, the subpoena is invalid and will be quashed.

  Defendants object to the Report and Recommendation to the extent it denies their motions to sever, or to dismiss for lack of personal jurisdiction (Doc. 76, 83, 85, 86,87). The Court agrees, however, that such motions are premature because Defendants have yet to be served.

  It is therefore,

  **ORDERED** that the Report and Recommendation (Doc. 73) is **ADOPTED IN PART and OVERRULED IN PART** as follows: the Subpoena is hereby **QUASHED** for the reasons stated above; the pending motions at docket entries 39, 42, 43, 44, 45, 46, 49, 51, 52, 53, 54, 55, and 60 are **DENIED AS MOOT**.

  **DONE AND ORDERED** at Orlando, Florida, on October 17, 2012.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

COPIES TO:

UNITED STATES MAGISTRATE JUDGE
COUNSEL OF RECORD
UNREPRESENTED PARTY